# KANE *v.* PODLESAK.

### PATENTS; INTERFERENCE; LACHES; REISSUE.

1. In an interference where one of the parties filed his original application on February 2, 1910, and a division thereof on January 14, 1915, and sought to amend his divisional application on April 19, 1915, by copying the claims of his adversary, who filed his original application on April 15, 1912, obtained a patent on March 4, 1913, and on December 23, 1914, applied for a reissue patent, which was granted February 9, 1915; it was *held* that he was estopped from making the claims because of laches (following *Rountree* v. *Sloan*, 45 App. D. C. 207, and *Re Fritts*, 45 App. D. C. 211), and also because the claims of his adversary, if properly construed, would not read on his structure, and the terms of the claims, if expanded in meaning in an attempt to read them on his structure, would also read upon devices of the prior art.

2. A reissue patent must be for the same invention as the original patent, but the patentee may redescribe his invention, including, however, in the description and claims of the specifications only what was well described before, or what was suggested or substantially indicated in his old specifications or drawings as properly belonged to the invention as actually made and perfected.

No. 1147. Patent Appeals.   Submitted March 12, 1918.   Decided May 6, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

*Mr. L. A. Williams* for the appellant.

*Mr. C. L. Sturtevant* and *Mr. E. G. Mason* for the appellee.

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Justice Robb, delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents awarding priority of invention to Podlesak.

A motion to dissolve the interference, filed by Podlesak, was made on the ground that Kane had no right to make the claims of the issue: First, because of laches and estoppel; second, because the claims, all of which were taken from the reissued patent of Podlesak, when properly construed, would not read on Kane's structure; and, third, because the terms of the claims, if expanded in meaning in an attempt to read them on the Kane structure, would also read upon devices of the prior art. The Commissioner of Patents set this motion for hearing as to the second ground, but not as to the first and third, saying that the alleged delay in the presentation of the claims by Kane would not constitute ground for dissolving the interference, and that Podlesak, being a patentee, could not allege that the claims of the issue should be more narrowly construed than the plain terms would warrant.

The law examiner held that Kane had the right to make the claims and denied the motion for a dissolution. The Board of Examiners in Chief held on the authority of *Rountree* v. *Sloan,* 45 App. D. C. 207, that Kane was estopped from making the claims because of laches, stating that it was not necessary to pass upon the question of Kane's right to make the claims of the interference.

The Commissioner sustained the decision of the Examiners in Chief, but on the ground that Kane was not entitled to make the claims. He called attention to the fact that the claims first appeared in the Podlesak reissue patent, and that Kane filed his amendment, including those claims, within a month after the granting of the reissue patent; but he added that he was not disposed, in the absence of experience with the rule laid down in *Rountree* v. *Sloan, supra,* to acquiesce in the exten-

sion of it made by the Examiners in Chief by applying it to the present case.

Kane's original application was filed on February 2, 1910. His present application here in question and claimed to be a division thereof, was filed January 14, 1915. The application for Podlesak's original patent was filed April 15, 1912, and he obtained his patent March 4, 1913. On December 23, 1914, Podlesak applied for a reissue. A reissue patent was granted February 9, 1915. On April 19, 1915, Kane amended his alleged divisional application so as to make the claims of the present issue.

In *Rountree* v. *Sloan, supra,* this court held that failure to make the claims of the issue on the part of one of the parties to an interference for three years after the grant of a patent to his adversary estopped him from making the claims, because the life of the patent monopoly would be extended if the party seeking to make the claims should be finally successful, citing *Re Fritts,* 45 App. D. C. 211. Mr. Justice Robb for the court said that the claims should have been made promptly and at least within the time allowed for amendment after office action.

We are of the opinion that the Examiners in Chief were right in holding that the present application comes within the rule of the *Rountree Case.* A reissue patent must be for the same invention as the original patent, but the patentee may redescribe his invention, including, however, in the description and claims of the specifications only what was well described before, or what was suggested or substantially indicated in his old specifications or drawings as properly belonging to the invention as actually made and perfected. *Marsh* v. *Seymour,* 97 U. S. 348–356, 24 L. ed. 963–965. The basis for the claims of the issue in this matter is therefore to be found in Podlesak's original patent of which Kane had notice from the date of its issue. Kane should, therefore, have moved promptly, and, not having done so, is estopped to make the claims.

Were the case otherwise as to laches, we should be inclined to affirm the decision of the Commissioner upon the grounds upon which he placed it; that is to say, because Kane has no right to make the claims. The Commissioner points out that both par-

tics were claiming for improvements over the prior art and in slight particulars only, but that Kane nowhere disclosed in his original or divisional application, until he came to make the claims of the Podlesak patent, that he was concerned with keeping the electrodes of the igniter normally separated, or that he had invented what can be reasonably called an integral bracket.

The decision of the Commissioner is affirmed.　*Affirmed.*